Richardson, administrator, *v.* Lumsden, administrator.

The superior court erred in granting an injunction, under the facts disclosed in the petition therefor.

July 8, 1889.

Injunction. Equity. Judgments. Fraud. Before Judge Wellborn. White superior court. April term, 1889.

Reported in the decision.

H. H. Perry and H. H. Dean, for plaintiff in error.

A. F. UNDERWOOD & SON and J. J. KIMSEY, *contra*.

SIMMONS, Justice.

Lumsden, as administrator, filed his petition, alleging, in substance, that Richardson, as administrator of Williams, in September, 1888, obtained two judgments against him in a justice's court; that before suit was brought against him in the justice's court, Richardson and his counsel told him that they desired to obtain judgment against him as administrator, so that, if the Pitners, who had a suit pending against the petitioner in the superior court, obtained judgment against the petitioner, Richardson would have the oldest judgment against the petitioner, and could claim the money in the superior court in preference to the Pitners; that if he would suffer said judgments to go against him, they would only use them for that purpose, and never seek to hold him liable. Acting upon this promise of Richardson and his attorneys, the petitioner acknowledged service in these suits in the justice's court, and allowed judgment to be entered against him. Had they not promised to use the judgments only to claim money in the superior court in the event the Pitners recovered against the petitioner, the petitioner would have filed his defence to the suits in the justice's court; he had no assets belonging to his intestate when suit was brought and when the judgments were recovered, which was well-known to Richardson and his attorneys; since they obtained said judgments, they have been dunning him for the money, and threatened in case he should fail or refuse to pay it, to bring suit upon his bond. He alleges that said judgments were thus obtained by fraud, and prays an injunction restraining Richardson from enforcing said judgments. Richardson filed his answer denying the material allegations in the petition. The court granted the injunction prayed for, and the defendant excepted and assigned error thereon.

We think the court erred in granting this injunction,

under the facts disclosed in the petition. It seems to us that, according to the allegations in the petition, Richardson got only the kind of judgments which the petitioner agreed for him to have. According to his petition, he agreed that Richardson might have these judgments against him as administrator. These are the only judgments that Richardson obtained, if he obtained any. According to the judgments set out in the record as they now stand, they are evidently not judgments against the petitioner, either individually or in his representative capacity. They may, however, be so amended as to make them good judgments against him as administrator. But without amendment they are not enforceable. The petitioner alleges that Richardson agreed that he would only enforce them to claim money in the superior court, if recovered by the Pitners. We think, therefore, the petitioner is not entitled to an injunction, at least in the present state of the case. Indeed, we do not see under the allegations in the petition, that it would ever be necessary for him to apply for an injunction. If Richardson should violate the agreement as stated by the petitioner, and should bring a suit upon the petitioner's bond, we do not see why he could not enforce this agreement as a defence to that suit, if such an agreement was made under circumstances that would render it a fraud not to abide by it.

We think, therefore, that that the court erred in granting this injunction.        *Judgment reversed.*